UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| JOSEPH POSTELL, JR., ) | |
|     *Plaintiff*, ) | |
| ) | |
| v. ) | No. 1:24-cv-00074-TAV-CHS |
| ) | |
| ANDREW SERRETT ) | |
|     *Defendant*. ) | |

## REPORT AND RECOMMENDATION

**I.  Introduction**

Plaintiff Joseph Postell, Jr., *pro se*, is proceeding *in forma pauperis* [Doc. 1]. Plaintiff is currently incarcerated at the Hamilton County, Tennessee jail. This Court has the responsibility to screen all actions filed by plaintiffs proceeding *in forma pauperis* and to dismiss any action or portion thereof which is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2) and § 1915A. Further, even though the statute of limitations defense is an affirmative defense, if it appears on the face of the complaint that a claim is time-barred, the Court may dismiss that claim pursuant to its review under 28 U.S.C. § 1915. *Jones v. Bock*, 549 U.S. 199, 215 (2007).

**II.  Facts**

Plaintiff filed this action on February 20, 2024. This lawsuit is premised upon 42 U.S.C. § 1983. Plaintiff alleges that Andrew Serrett, an officer with the Chattanooga Police Department, violated his constitutional rights by stopping him in his vehicle on March 13, 2022, in Chattanooga, Tennessee, for driving a vehicle with illegally tinted windows. [Doc. 2, Complaint at 3-4]. According to Plaintiff, after Officer Serrett explained the reason for the traffic stop, he then:

> . . . requested my driver's license. I then produced a passport. Officer Andrew Serrett stated that the passport I gave him [sic] identify myself as Joseph Postell. He charge [sic] me with 12 charges and seizured [sic] $683.00. All charges were dismissed on 2-24-2024.

[*Id.* at 4]. While Plaintiff does not explicitly invoke the Fourth Amendment of the United States Constitution, it appears that Plaintiff is alleging that Officer Serrett wrongfully detained and then arrested him in violation of his Fourth Amendment rights to be free of unreasonable searches and seizures.

In a § 1983 action, the Court applies the statute of limitations for a personal injury action under the law of the state in which the claim arises. *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007); *Berndt v. Tennessee*, 796 F.2d 879, 883 (6th Cir.1986). In Tennessee, that period is one year. Tenn. Code Ann. § 28-3-104(a); *Eidson*, 510 F.3d at 634-35. Federal law, however, determines *when* claims begin to accrue. *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996); *Thomas v. Hargis*, No. 1:12-cv-283, 2015 WL 4476379, at *4 (E.D. Tenn. July 22, 2015). The statute of limitations for a claim alleging a violation of the Fourth Amendment's proscription against unreasonable searches and seizures begins to run on the date of the search and the seizure. *York v. Fiddler*, No. 3:23-cv-00230, 2023 WL 3168570, * 4 (M.D. Tenn. April 28, 2023) (citing *Harper v. Jackson*, 293 F. App'x 389, 392 n. 1 (6th Cir. 2008) ("Harper's claims thus accrued on July 31, 2003, the date of the alleged illegal search and seizure.")); *see also Miller v. Lincoln Park Police Dept.*, No. 18-11284, 2019 WL 3420140, *3 (E.D. Mich. June 24, 2019); *McKenzie v. Highland Cnty, Ohio Sheriff's Office*, No. 1:18-cv-78, 2018 WL 6437419, at *3 (S.D. Ohio, Dec. 7, 2018).

Plaintiff's claims began to accrue on March 13, 2022 [*See* Complaint, Doc. 2 at PageID#: 8], when the traffic stop and his arrest occurred. Plaintiff filed this lawsuit almost two years later on February 20, 2024.[1] Because Plaintiff filed this action more than one year after his claims began to accrue, Plaintiff's claims are barred by the applicable statute of limitations.

### III. Conclusion

For the reasons stated herein, it is **RECOMMENDED**[2] that this action be **DISMISSED** because Plaintiff's claims are barred by the applicable statute of limitations.

**ENTER.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff stated in his complaint that charges against him were dismissed on February 24, *2024*, but since he filed this action on February 20, 2024, the Court concludes the correct date for dismissal of charges was most likely February 24, *2023*. This mistake, however, is inconsequential since the statute of limitations for wrongful searches and seizures in violation of the Fourth Amendment begins to accrue at the time of the stop and arrest—not when charges arising from the stop and arrest were dismissed. *See supra* at p. 2.

[2] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified constitutes a forfeiture of the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S. Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).